IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.  02-cv-00988-REB-MJW**

RONALD J. JANOUSHEK,

Petitioner,

v.

GARY WATKINS, et al.,

Respondents.

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby **ORDERED** that petitioner's second Motion to Invoke the Process of Discovery Pursuant to Rule 6 of the Rules Governing § 2254 Cases, which was filed on April 25, 2006 (Docket No. 31), is denied.  As previously found in this case, the petitioner has not made the requisite showing of good cause for such discovery, nor has he fully complied with Rule 6(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("Requests for discovery shall be accompanied by a statement of the interrogatories or requests for admission and a list of the documents, if any, sought to be produced.").

It is further **ORDERED** that the petitioner's second Motion to Further the Record Pursuant to Rule 5 of the Rules Governing § 2254 Cases, which was filed on April 25, 2006 (Docket No. 30), is denied.  Should the court determine at a later time that all or part of the state court is necessary, an appropriate order will be issued.

It is further **ORDERED** that the petitioner's third Motion for the Appointment of Counsel, which was filed on April 25, 2006 (Docket No. 29), is denied without prejudice.  "[T]here is no constitutional right to counsel beyond the appeal of a criminal conviction, and . . . generally appointment of counsel in a § 2254 proceeding is left to the court's discretion."  Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden, 23 F.3d 332, 222 (10th Cir. 1994).  As previously found in this case, the interests of justice do not require the appointment of counsel.  Should the court determine at a later date that an evidentiary hearing is required, then the petitioner may renew his motion for counsel.

Date:   April 25, 2006