**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  02-cv-00988-REB-MJW

RONALD J. JANOUSHEK
      Petitioner,

v.

GARY WATKINS, et al.,

      Respondents.

**ORDER DENYING APPLICANT'S MOTION TO AMEND/STAY HABEAS APPLICATION TO ALLOW FOR EXHAUSTION/REVIEW OF INEFFECTIVE ASSISTANCE CLAIMS**

**Blackburn, J.**

This matter is before me on the **Applicant's Motion To Amend/Stay Habeas Application To Allow for Exhaustion/Review of Ineffective Assistance Claims** [#40], filed September 19, 2006.  Because the petitioner is proceeding *pro se*, I have construed his motion more liberally and have held it to a less stringent standard than formal pleadings or papers drafted by attorneys.  See **Erickson v. Pardus**, – U.S. –,127 S.Ct. 2197, 2200, 75 USLW 3643 (2007); **Haines v. Kerner,** 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); **Andrews v. Heaton**,  483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  I deny the motion.[1]

---

[1] It is not entirely clear whether petitioner persists with this motion or whether he has abandoned it. In his letter to the court [#48] filed April 5, 2007, he urges the court to consider his objections to the Magistrate Judge's recommendation and makes no reference to the motion to stay or amend.

### I. Relief Requested

Petitioner seeks relief in the alternative. Petitioner asks me to either ". . . 1) stay Applicant's current habeas application and allow him to return to the State Courts for review of . . . [his] claims of ineffective assistance of counsel at trial; or 2) in the alternate [*sic*], allow Applicant the opportunity to Amend his current habeas application to include those ineffective assistance of counsel claims . . . while simultaneously excusing exhaustion of additional state remedies . . . ." *See* Motion at 1.

### II. Petitioner's Ineffective Assistance of Trial Counsel Claims

Petitioner ". . . submits his Sixth Amendment rights to effective assistance of counsel at trial were violated for the following reasons:

1)   Trial counsel failed to object to the prosecutor's submission of false statements as to evidence shown at trial in his closing arguments.

2)   Trial counsel failed to timely present a defense of impaired mental condition to the prosecution as required by Colorado law, even though he was aware of it months prior thus precluding Applicant from asserting this defense.

3)   Trial counsel failed to subject Applicant's case to a meaningful adversarial testing when he failed to present Applicant's case sufficiently to allow the jury to hear the arguments presented.

4)   Trial counsel waived Applicant's presence at a critical portion of the trial with Applicant's acquiescence.

5)   Trial counsel failed to stay abreast of changing law and object to an improperly tendered jury instruction which prevented the jury from properly considering

the affirmative defense of voluntary intoxication as applicable to the "after deliberation" element of Applicant's first degree murder charge.

6) Trial counsel failed to require the prosecution to disprove Applicant's affirmative defense of voluntary intoxication beyond a reasonable doubt as is required by state statutes." See Motion at 1-2.

Petitioner concedes that "[n]one of these claims [of ineffective assistance of counsel] has been properly presented to the State of Colorado and hence have [sic] not been exhausted." See Motion at 2.

### III. Federal Habeas Procedural Background

A brief chronology of relevant procedural events is helpful. Petitioner initiated this § 2254 habeas action by filing his petition on May 23, 2003. See [#3]. Respondents filed their answer on June 28, 2002. See [#15]. Petitioner filed his traverse on July 16, 2002. See [#16]. Petitioner requested and was granted the opportunity to supplement his habeas petition. See [#21/23]. The Magistrate Judge entered his recommendations on August 21, 2006. See [#38]. On September 19, 2006, petitioner filed the instant motion and his objections to the Magistrate Judge's recommendations. See [#40 and 41].

### IV. Petitioner's Request for Stay and Abeyance Is Futile

Concerning petitioner's first request that I ". . . stay Applicant's current habeas application and allow him to return to the State Courts for review of . . . [his] claims of ineffective assistance of counsel at trial . . .," I find and conclude as follows. Petitioner's request assumes his legal right and ability to present his belated claim of ineffective

assistance of trial counsel to the state courts. However, his belated attempt to assert this claim comes years[2] after the time permitted in state court by Crim. P. 35(c)(3)(VII),[3] and, therefore, his claim is procedurally defaulted.[4] Thus, any attempt at this late date to return to state court would be futile. Therefore, petitioner's request for a stay should be denied as untimely and futile.

### V. Petitioner's Request To Amend

#### A. Habeas Relief Barred by Procedural Default

Concerning petitioner's request in the alternative that I ". . . allow Applicant the opportunity to Amend his current habeas application to include those ineffective assistance of counsel claims . . . while simultaneously excusing exhaustion of additional state remedies . . .," I find and conclude as follows. "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can

---

[2] In his habeas petition, the petitioner challenges a judgment of conviction entered in the District Court of Adams County, Colorado, on a jury verdict finding him guilty of first degree murder for which he was sentenced to life without the possibility of parole. The Colorado Court of Appeals (hereinafter "CCA") affirmed in an unpublished opinion, *People v. Janoushek*, (Colo. App. No. 93CA1991, Aug. 14, 1997) and the Colorado Supreme Court en banc denied the petitioner's Petition for Writ of Certiorari on June 29, 1998. The mandate was issued on July 17, 1998. Petitioner's motion for postconviction relief pursuant to Crim. P. 35(c) and supplemental 35(c) motion were denied by the District Court of Adams County on August 20, 2000. The CCA affirmed that ruling in an unpublished decision on November 23, 2001, and the Colorado Supreme Court denied certiorari on April 15, 2002. The mandate issued on May 3, 2002. *See* Magistrate Judge's Recommendation at 2. These findings are uncontroverted.

[3] Crim. P. 35(c)(3)(VII) (2004) requires the state court to deny any postconviction claim that could have been presented in a postconviction proceeding previously brought (subject to enumerated exceptions that are inapposite).

[4] Petitioner's request for application of the "stay and abeyance" procedure discussed in ***Rhines v. Weber***, 544 U.S. 269, 276-278, 125 S.Ct. 1528,1534 - 1535 (U.S. 2005) is irrelevant and premature. In ***Rhines*** the precise issue before the Supreme Court was whether a federal district court has discretion to stay a "mixed" habeas petition, i.e., where some claims have been exhausted in state court and some have not, to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition. *Id.* at 271-272. Here the habeas petition is not mixed; therefore, petitioner's request based on ***Rhines*** is irrelevant and premature.

4

pursue available state-court remedies. *See Demarest v. Price*, 130 F.3d 922, 939 (10th Cir.1997). However, 'if the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review.' *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir.1992)." **Bland v. Sirmons**, 459 F.3d 999, 1012 (10th Cir. 2006). A "prisoner's procedural default functions as a bar to federal habeas review. *Woodford v. Ngo*, --- U.S. ----, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006); see also *Gray v. Netherland*, 518 U.S. 152, 162, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (such a 'procedural bar . . . gives rise to exhaustion [and] provides an independent and adequate state-law ground for the [sanction imposed]'); *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Cargle v. Mullin*, 317 F.3d 1196, 1212 n. 15 (10th Cir.2003)." **Magar v. Parker**, – F.3d –, 2007 W L 1748514, *3 -4 (10th Cir. 2007). Ostensibly, petitioner is barred here from seeking federal habeas relief on his belated claim of ineffective assistance of counsel. Accordingly, the filing of an amended petition per se would not surmount the procedural bar.

### B. No Cause and Prejudice Excusing Procedural Default

However, "a procedural default may be excused if a petitioner can 'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir.2006) (quoting *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546)." ***Id***. In order to satisfy the cause and prejudice requirement, courts have held that cause exists when a petitioner

"demonstrate[s] some objective factor external to the defense that prevented compliance with the state's procedural requirements." **Coleman**, 501 U.S. at 753, 111 S.Ct. 2546. The cause must be "something that cannot fairly be attributed to' the petitioner." **Id**. Prejudice means that the alleged violation of federal constitutional law, i.e., here a Sixth Amendment claim of ineffective assistance of trial counsel, "worked to [petitioner's] actual and substantial disadvantage." **United States v. Frady**, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Here petitioner has not demonstrated the cause he claims, and he has not claimed and cannot demonstrate prejudice.[5]

### i. No Cause Excusing Procedural Default

Petitioner asserts two possible bases providing cause for his procedural default in state court: 1) ". . . ineffective assistance of counsel in a prior postconviction proceeding . . .," see motion at 3; and/or 2) ". . . passage of a new requirement prohibiting successive Crim. P. Rule 35 (c) motions and which is applied retroactively to Applicant [that violates] his protections against ex post facto law," see id. Neither basis is helpful to petitioner.

### a. Ineffective Assistance of Postconviction Counsel Claims Not Circumstantiated

Petitioner's first basis – an explicit reference generally to ineffective assistance of counsel in a prior postconviction proceeding – is wholly undeveloped. Petitioner

---

[5] Petitioner does not and cannot claim that a failure to consider his belated claims will result in a fundamental miscarriage of justice because such a claim is reserved for "extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent." **Phillips v. Ferguson**, 182 F.3d 769, 774 (10th Cir.1999). Petitioner does not deny culpability altogether; instead, the gravamen of his position is that he should not have been convicted of murder in the first degree. See petitioner's letter to the court [#48] filed April 5, 2007.

makes no effort to explicate, let alone circumstantiate, this claim, which too is raised for the first time after years of litigation and notwithstanding that petitioner's postconviction proceedings in state court were completed on May 2, 2002, when the Colorado Supreme Court issued its mandate affirming the CCA, which had affirmed the trial court's denial of petitioner's Crim. P. 35(c) motion as supplemented. The fact that petitioner requests an opportunity to brief this issue does not relieve him from the responsibility of articulating this claim with sufficient factual detail in this motion.[6] Petitioner is obliged to allege facts in this motion that, if true, would provide a basis for relief.

### b. Ex Post Facto Clause Inapplicable

Petitioner's second basis – that the amendment of Crim. P. 35(c) to prohibit successive Rule 35(c) motions violates his constitutional protections against ex post facto laws – is unsustainable as a matter of law.  The Supreme Court makes it pellucid that "Article I, § 10, of the Constitution prohibits the States from passing any "ex post facto Law." In *Collins v. Youngblood*, 497 U.S. 37, 41, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990), we reaffirmed that the Ex Post Facto Clause incorporated 'a term of art with an established meaning at the time of the framing of the Constitution.' In accordance with this original understanding, we have held that the Clause is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.' *Id.*, at 43, 110 S.Ct., at 2719 (citing \*505 *Calder v. Bull*, 3 U.S. (Dall.)

---

[6] The claim is stated so indefinitely that I cannot determine whether further briefing is warranted. Furthermore, petitioner proffers no reason why he could not have presented relevant facts and authority in this motion.

386, 391-392, 1 L.Ed. 648 1798) (opinion of Chase, J.); *Beazell v. Ohio*, 269 U.S. 167, 169-170, 46 S.Ct. 68, 68-69, 70 L.Ed. 216 (1925))." **California Dept. of Corrections v. Morales**, 514 U.S. 499, 504-505, 115 S.Ct. 1597,1601, 131 L.Ed.2d 588 (U.S.,1995). Since the 2004 amendment to Crim. P. 35(c) does neither, the Ex Post Facto Clause is not implicated, let alone infringed.

### ii. No Prejudice Excusing Procedural Default

#### a. No Claim of Actual Prejudice

Assuming, *arguendo*, that petitioner had established or could establish cause to excuse his procedural default in state court, he has not claimed and cannot demonstrate actual prejudice as a result of the alleged ineffective assistance of trial counsel. Although petitioner ". . . will attempt to demonstrate cause for his state procedural default based on one of two reasons . . .," *see* motion at 3, he neither claims actual prejudice nor requests an opportunity to brief the issue, *see id.*

#### b. No Showing of Prejudice under *Strickland*

Even assuming that petitioner had properly pled and preserved the issue of actual prejudice, he cannot sustain his burden to establish actual prejudice, because his alleged instances of ineffective assistance of trial counsel – whether considered individually or collectively – do not satisfy the prejudice prong of **Strickland v. Washington**, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984).[7]

---

[7] **Strickland** requires a showing of both deficient performance and irreparable prejudice. However, "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." **Strickland**, 466 U.S. at 697, 104 S.Ct. 2052. *See also* **Smith v. Mullin**, 379 F.3d 919, 929 (10th Cir. 2004). I follow that course here.

### i. The *Strickland* Standard

To prevail on an ineffective assistance of counsel claim, petitioner must show 1) that his attorney's performance was unreasonable under prevailing professional standards, *id* at 688, 104 S.Ct. at 2065; and 2) that there is a "reasonable probability that but for counsel's unprofessional errors, the result would have been different," *id*. at 694, 104 S.Ct. at 2068. *Strickland* defines a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id*. To satisfy the second prong of the *Strickland* test, petitioner must show that there is a reasonable probability that "but for counsel's unprofessional errors, the result would have been different." *Id*.; *see also*, *Lockart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (holding that under *Strickland*, petitioner must show that "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair"). Under the second prong of *Strickland*, the petitioner must demonstrate a "reasonable probability" that counsel's performance prejudiced the petitioner, meaning a probability "sufficient to undermine confidence in the outcome." *Strickland*, at 694, 104 S.Ct. 2068.

### ii. Petitioner's Claims Fail Under *Strickland*

Concerning petitioner's first claim of ineffective assistance of counsel at trial – that trial counsel failed to object to the prosecutor's submission of false statements as to evidence shown at trial in his closing arguments[8] – I find and conclude that any

---

[8] An apparent reference to the prosecutorial misconduct in closing argument, which was analyzed by the magistrate Judge at some length in his recommendation [#38] at 11-15.

9

prejudice accruing from this prosecutorial misconduct was extenuated effectively by the jury instruction admonishing the jury that closing argument of counsel is not evidence and by other trial evidence permitting a reasonable inference that the petitioner struck the victim with the gun before shooting her, which was the thrust of the prosecutor's improper closing argument. Trial counsel's failure to object cannot be said to have prejudiced petitioner to the extent required under **Strickland**.

Concerning petitioner's second claim of ineffective assistance of counsel at trial – that trial counsel failed to timely present a defense of impaired mental condition – I find and conclude that although the record establishes a factual basis to argue that voluntary intoxication negated the formation of the *mens rea* required for murder in the first degree, i.e., after deliberation and with intent, under §18-3-102, C.R.S., the record does not establish a factual basis to advance the affirmative defense of impaired mental condition under §18-1-803, C.R.S. Furthermore, petitioner does not appear to quarrel in his habeas petition with his trial counsel's conclusion and representation to the trial court that petitioner was not suffering from an impaired mental condition. *See, e.g.,* Magistrate Judge's Recommendation at 19. Thus, petitioner cannot demonstrate that there is a reasonable probability that but for counsel's failure to advance an affirmative defense for which there was inadequate evidence, the verdict would have been different.

Concerning petitioner's third claim of ineffective assistance of counsel at trial – that "[t]rial counsel failed to subject Applicant's case to a meaningful adversarial testing when he failed to present Applicant's case sufficiently to allow the jury to hear the

arguments presented," see motion at 2[9] – I find and conclude that the record is devoid of sufficient information to establish the prejudice required under **Strickland**. The paucity of extant information in the record precludes the showing of prejudice required under **Strickland**.

Concerning petitioner's fourth claim of ineffective assistance of counsel at trial – that "[t]rial counsel waived Applicant's presence at a critical portion of the trial with Applicant's acquiescence"[10] – I find and conclude that because the trial court granted the relief requested on behalf of petitioner by defense counsel, petitioner has no basis to complain that he was somehow prejudiced by his absence. Since petitioner can establish no prejudice, *a fortiori*, he cannot establish the prejudice required under **Strickland**.

Concerning petitioner's fifth claim of ineffective assistance of counsel at trial – that trial counsel failed to stay abreast of changing law and object to an improperly tendered jury instruction which prevented the jury from properly considering the affirmative defense of voluntary intoxication as applicable to the "after deliberation" element of petitioner's first degree murder charge[11] – I find and conclude – as did the CCA and the magistrate judge – that the instructions as a whole, together with both

---

[9] The underlying topic was analyzed by the magistrate Judge at some length in his recommendation [#38] at 36-37.

[10] An apparent reference to the hearing conducted at trial outside petitioner's presence during which the trial court and counsel discussed and the trial court granted defense counsel's motion to issue an arrest warrant for a witness who failed to appear at trial although properly subpoenaed by petitioner. This hearing was analyzed by the magistrate Judge at some length in his recommendation [#38] at 37-39.

[11] The underlying topic was analyzed by the magistrate Judge at great length length in his recommendation [#38] at 42-49.

counsel's closing arguments, instructed and informed the jury adequately on the interrelationship among voluntary intoxication, "after deliberation," and "with intent," so that petitioner did not suffer the prejudice necessary to sustain a claim of ineffective assistance of counsel under **Strickland**.

Finally, concerning petitioner's sixth claim of ineffective assistance of counsel at trial – that trial counsel failed to require the prosecution to disprove petitioner's affirmative defense of voluntary intoxication beyond a reasonable doubt as is required by state statutes[12] – I find and conclude that although voluntary intoxication is not an affirmative defense under Colorado law, see **People v. Miller**, 113 P.3d 743 (Colo. 2005), petitioner actually received a serendipitous windfall at trial when the trial court instructed the jury on voluntary intoxication as an affirmative defense, requiring the people to assume an enhanced burden of proof to prove beyond a reasonable doubt the strenuous elements of murder in the first degree and to disprove beyond a reasonable doubt petitioner's putative affirmative defense of voluntary intoxication. Legally, because voluntary intoxication is not an affirmative defense under state law, defense counsel may not be criticized for allegedly failing to advocate it zealously. Finally, contrary to petitioner's assertion, there are no state statutes that characterize voluntary intoxication as an affirmative defense to be disproved beyond a reasonable doubt by the people at trial . Again and relevantly, based on the trial record petitioner cannot demonstrate the prejudice required under **Strickland**.

Having concluded that petitioner's six individual claims of ineffective assistance

---

[12] See footnote 11, supra.

of counsel do not establish the degree of prejudice required under *Strickland*, I conclude also that petitioner's claims, when considered collectively, do not have the synergy necessary to establish the prejudice required under *Strickland*. Thus, I conclude ultimately that petitioner has not established the cause and prejudice required to excuse his procedural default, which is indispensable to federal habeas review. Thus, the petitioner's request to amend should be denied also.

### VI. Summary and Conclusion

Petitioner's belated claims of ineffective assistance of counsel at trial are procedurally defaulted in state court by application and operation of Crim. P. 35(c)(3)(VII). Thus, petitioner's request for stay and abeyance is futile. Petitioner did not establish in his motion the cause and prejudice necessary to surmount his procedural default. Thus, federal habeas review is barred. Accordingly, petitioner's request to amend is moribund. Therefore, petitioner's motion must be denied.

### VII. Order

**THEREFORE, IT IS ORDERED** that the **Applicant's Motion To Amend/Stay Habeas Application To Allow for Exhaustion/Review of Ineffective Assistance Claims** [#40], filed September 19, 2006, **IS DENIED**.

Dated August 9, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**