**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  02-cv-00988-REB-MJW

RONALD J. JANOUSHEK
      Petitioner,

v.

GARY WATKINS, et al.,

      Respondents.

**ORDER ADOPTING UNITED STATES MAGISTRATE JUDGE RECOMMENDATION
AND
DENYING HABEAS CORPUS APPLICATION ON THE MERITS**

**Blackburn, J.**

This matter is before me on the **Recommendation On Application For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 By A Person In State Custody** [#38], filed August 21, 2006.[1]  The Magistrate Judge recommends that the **Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [#3], filed May 23, 2002, as supplemented, *see* [#21 and 23], be denied.  The petitioner filed **Applicant's Objections To The Magistrate Judge's Recommendations** [#41] on September 19, 2006, which was supplemented, *see* [#46 and 49]. I overrule the objections, adopt the

---

[1] *See* Rule 8(b)(1) of the Rules Governing Proceedings in the United States District Court on Application under Section 2254 of Title 28, United States Code: (b) Function of the magistrate. (1) When designated to do so in accordance with 28 U.S.C. § 636(b), a magistrate may conduct hearings, including evidentiary hearings, on the motion, and submit to a judge of the court proposed findings and recommendations for disposition.

recommendation, and deny the petition on the merits.[2]

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, the objections, the record from state court, and the applicable case law.[3] In addition, because the petitioner is proceeding *pro se*, I have construed his papers more liberally and have held them to a less stringent standard than formal papers drafted by attorneys. See **Erickson v. Pardus**, – U.S. –,127 S.Ct. 2197, 2200, 75 USLW 3643 (2007); **Haines v. Kerner,** 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

Petitioner's objections do not vitiate or refute any of the magistrate judge's findings or conclusions.[4] Contrastingly, the lengthy recommendation is extremely detailed, circumstantiated, and well-reasoned. Therefore, I find and conclude that the reasons stated, the arguments advanced, the authorities cited, and the findings of fact,

---

[2] Petitioner's claims are capable of resolution on the record; thus, no evidentiary hearing is required. See **Schriro v. Landrigan**, – U.S. –, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007); **Torres v. Mullin**, 317 F.3d 1145, 1161 (10th Cir.), cert. denied, 124 S.Ct. 562 (2003).

[3] See Rule 8(b)(4) of the Rules Governing Proceedings in the United States District Court on Application under Section 2254 of Title 28, United States Code: (b)(4) A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

[4] By **Minute Order** [#49] entered July 10, 2007, I indicated, *inter alia*, that I would consider **People v. Versteeg**, – P.3d –, 2006 WL 3094105 (Colo.App. 2006). However, petitioner's reliance on **Versteeg** is misplaced. In **Versteeg** a panel of the Colorado Court of Appeals found plain error because of an erroneous jury instruction, the effects of which were exacerbated by the prosecutor's closing argument, which urged the jury to follow the erroneous instruction. Here, the instructions as a whole edified the jury completely, and the prosecutor's statements supported, not vitiated, the effects of those instructions.

conclusions of law, and recommendations proposed by the Magistrate Judge should be approved and adopted without further festooned reiteration.

After consideration of the relevant state court proceedings in Colorado, I determine that no evidentiary hearing is required.[5]  Since no evidentiary hearing is required, I decline to appoint counsel *sua sponte* for the applicant.[6]

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation On Application For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 By A Person In State Custody** [#38], filed August 21, 2006, is **APPROVED AND ADOPTED** as an order of this court;

2. That the **Applicant's Objections To The Magistrate Judge's Recommendations** [#41] on September 19, 2006, as supplemented, are **OVERRULED**;

3. That the **Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [#3], filed May 23, 2002, as supplemented, is **DENIED** on the merits and

---

[5] *See* Rule 8(a) of the Rules Governing Proceedings in the United States District Court on Application under Section 2254 of Title 28, United States Code:(a) Determination by court. If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

[6] *Cf.* Rule 8(c) of the Rules Governing Proceedings in the United States District Court on Application under Section 2254 of Title 28, United States Code: (c) Appointment of counsel; time for hearing. If an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g) and the hearing shall be conducted as promptly as practicable, having regard for the need of counsel for both parties for adequate time for investigation and preparation. These rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the proceeding if the interest of justice so requires. *See also* **Minute Order** [#50] entered July 26, 2007, denying petitioner's motion for appointment of counsel [#42]..

**DISMISSED** with prejudice; and

4. That the case is **CLOSED**.

Dated August 9, 2007, at Denver, Colorado.

        **BY THE COURT:**

        **s/ Robert E. Blackburn**
        **Robert E. Blackburn**
        **United States District Judge**